NOT DESIGNATED FOR PUBLICATION

No. 118,071

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHELLIE R. ROBINSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed October 12, 2018. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GREEN and MALONE, JJ.

PER CURIAM: Shellie Robinson appeals the district court's decision to revoke her probation and require that she serve her underlying prison sentence. Robinson suggests that the district court should have entered intermediate sanctions, such as a short jail stay followed by a return to probation, rather than send her to prison.

But Robinson admitted to the district court that she committed 13 new offenses while on probation, and the court found that several of those crimes—including a firearm violation and fleeing or attempting to elude law enforcement—showed that she was a

danger to public safety. That gave the district court the discretion to send Robinson to prison. We find no abuse of discretion in the district court's decision to do so.

FACTUAL AND PROCEDURAL BACKGROUND

Robinson was placed on probation for 36 months after she pleaded guilty to six felony offenses—possession of methamphetamine, possession of marijuana, possession of drug paraphernalia, possession of hallucinogenic drugs, possession of drug proceeds, and fleeing or attempting to elude law enforcement. Based on the severity level of Robinson's crimes and her criminal-history score of B (the second most serious of nine levels), Kansas sentencing guidelines provided a presumptive-prison sentence. But in return for her guilty pleas, the State recommended a downward-dispositional departure to probation, which the court granted. The court gave Robinson an underlying sentence of 137 months in prison that she would have to serve if she did not successfully complete probation. Among the conditions of Robinson's probation were requirements that she not use drugs, obey the law, complete drug-addiction treatment, and report to her supervising officer.

Robinson quickly showed that she would not succeed on probation. Only three weeks into probation, a warrant was issued for Robinson's arrest for her failure to follow the conditions of her probation. Specifically, Robinson had tested positive for drugs, admitted to using methamphetamine, and failed to attend drug treatment, report to her supervising office, or search for a job. Robinson was arrested on that warrant over a year later, but was released on bond while waiting for a hearing on the State's motion to revoke her probation.

About two weeks after Robinson was released on bond, the State alleged in a second arrest warrant that Robinson had once again violated her probation by committing new crimes—possession of methamphetamine, possession of marijuana, and possession

2

of drug paraphernalia. In a third arrest warrant issued weeks after the second, the State alleged that Robinson had committed ten more offenses—aggravated battery of a law-enforcement officer, criminal possession of a firearm, possession of opiates, possession of hallucinogenic drugs, possession with intent to use drug paraphernalia, two counts of felony interference with a law-enforcement officer, fleeing and eluding a police officer, driving with a suspended license, and aggravated offender registration violation.

Months later, Robinson came to court for a hearing on the State's motion to revoke her probation and for sentencing on her new crimes. Robinson admitted to all probation violations alleged in the three arrest warrants—a total of 29 violations. Of those violations, 13 were new crimes. Despite the violations, Robinson requested a short jail sanction—something attorneys call a "quick dip"—followed by a return to probation. In support, Robinson told the court that she had struggled with her drug addiction since she was 16 years old. At age 51, she argued that having to serve her underlying sentence (plus the sentences she would likely receive for her new crimes) would effectively be a life sentence.

But the district court found that Robinson was a public-safety risk based on her recent firearm violation and because she had injured several people when fleeing a police officer. The court revoked Robinson's probation and ordered her to serve her underlying sentence, 137 months in prison. Robinson then appealed that decision to this court.

ANALYSIS

When a convicted felon violates the terms of probation, Kansas law generally provides that he or she receive an intermediate sanction, such as a short jail stay followed by a return to probation, rather than being sent to prison on the first violation. K.S.A. 2017 Supp. 22-3716(c)(1). But there are several exceptions to this general rule. Intermediate sanctions aren't required when the offender's probation was a result of a

3

downward-dispositional departure. See K.S.A. 2017 Supp. 22-3716(c)(9)(B). And intermediate sanctions aren't required when the offender commits a new crime while on probation. See K.S.A. 2017 Supp. 22-3716(c)(8)(A). Finally, under K.S.A. 2017 Supp. 22-3716(c)(9)(A), a court may revoke probation and impose the prison sentence on the first probation violation if the "court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction."

Robinson's sentence to probation was a downward-dispositional departure from a presumptive-prison sentence, and Robinson admitted to the district court that she had committed new crimes while on probation. Also, the court concluded that Robinson's dangerous criminal activities while on probation showed that she was a threat to the safety of others. So the district court had the discretion to send Robinson to prison. Accordingly, we review the district court's decision here only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

Robinson claims that the court's decision to send her to prison was unreasonable because she needed another chance at drug treatment and because keeping her out of prison would help reduce the crowded prison system. But we find nothing unreasonable about the district court's decision here. The court had already given Robinson a chance to complete drug treatment. Indeed, it had ordered Robinson to complete drug-and-alcohol treatment as a condition of her probation. But Robinson did not complete the treatment as ordered. While on probation, Robinson committed 29 probation violations, including 13 new crimes. In the process of committing one of her new offenses—fleeing or attempting to elude law enforcement—Robinson caused physical harm to several people. A reasonable person could agree with the district court's decision to impose the prison sentence in light of these violations.

4

We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Robinson's probation.

The judgment of the district court is therefore affirmed.